

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00459-CV

_____

HAACKER CORPORATION, D/B/A FLOOR COVERINGS INTERNATIONAL
FLOWER MOUND, Appellant

V.

COREY NORALS, ALEXIAS NORALS, BEVERLY CROUCH, AND THOMAS
CROUCH, Appellees

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-340147-23

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Haacker Corporation, d/b/a Floor Coverings International Flower Mound, filed a notice of appeal from the trial court's November 1, 2023 order denying Haacker's motion for continuance and its November 3, 2023 order granting summary judgment for Appellees Beverly and Thomas Crouch. The orders did not expressly dispose of any claim by or against Appellees Corey and Alexias Norals and contained no language of finality. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) (discussing language that can make an order final). Because neither order appeared to be a final judgment or an appealable interlocutory order, we notified Haacker of our concern that we did not have jurisdiction over its appeal. *See id.* at 195 (stating that "the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (listing interlocutory orders from which a party may appeal).

Haacker filed a response asserting that it had filed a motion to sever the claims against the Crouches from those asserted against the Norals, and it asked this court to retain this appeal because a severance order would make Haacker's appeal "ripe and proper." We notified the parties that we would give them until January 29, 2024, to correct the defect in the record by furnishing this court with a signed copy of an order or judgment that made the trial court's previous orders appealable. *See* Tex. R. App. P. 44.3, 44.4(a)(2). We warned the parties that this appeal would be dismissed for want

of jurisdiction if no order or judgment had been signed and furnished to this court by that date. *See* Tex. R. App. P. 42.3(a), 43.2(f).

We have not received a copy of an order or judgment that makes the appealed-from orders appealable. Accordingly, we dismiss this appeal for want of jurisdiction.

Per Curiam

Delivered:  February 22, 2024